JOHN G. HUTCHINSON, *etc., et al.*

*v.*

ROBERT G. HUGHART

(No. 14594)

Decided January 19, 1982.

*Leon Catsonis*, for appellant.

*Jackson, Kelly, Holt and O'Farrell, Gary W. Hart* and *W. Warren Upton*, for appellees.

PER CURIAM:

In this appeal, Robert G. Hughart seeks reinstatement to the fire department of the City of Charleston. Hughart was originally dismissed by the City's Mayor, but was ordered reinstated with appropriate back pay after a finding by the Firemen's Civil Service Commission that no

"just cause" existed for his dismissal. The City appealed the Commission's order to the Circuit Court of Kanawha County, which entered an order reversing that of the Commission, thereby, upholding the dismissal. We reverse the judgment of the circuit court and reinstate the decision of the Firemen's Civil Service Commission.

Robert Hughart was hired by the City of Charleston on September 9, 1971, at the rank of fireman. After a six-month probationary period, he was assigned on a regular basis to Station Number 2, where he remained until he was notified of his dismissal in a letter from Mayor Hutchinson dated May 20, 1977. In the letter of dismissal, the mayor indicated several reasons for the city's action against Hughart. However, most stemmed from a public hearing conducted by the Charleston Firemen's Civil Service Commission, at which the Commission was investigating irregularities concerning examinations for appointment and promotion within the Department. The letter charged Hughart with disorderly conduct at this hearing and with disrespect towards both the City's Director of Public Safety and its Fire Chief who were attending the meeting. In addition, the letter charged that Hughart's service and absenteeism records demonstrated a poor attitude and indifference towards his job.

Pursuant to Hughart's demand for such, hearings were held by the Firemen's Civil Service Commission on July 17, August 18, and August 25, 1977. The evidence presented by the City was voluminous and designed to support the allegations raised in the letter of dismissal received by Hughart. However, for purposes of this opinion, we need only summarize the evidence.

With respect to the allegation of disorderly conduct by Hughart at the meeting held by the Commission, the evidence showed that Hughart, while off duty, entered the City Council Chambers and positioned himself in the rear of those chambers. During the course of the hearing

Hughart shouted twice from the rear of the room, demanding that the testifying witness speak louder.[1] Later in the hearing, Hughart moved forward and sat down directly behind Lawrence Conques, the Director of Public Safety for the City of Charleston. Conques testified that several disrespectful remarks were made by Hughart which were directed at him and Robert Harpold, the City Attorney. Hughart admitted making one remark, but denied that he made any other remarks directed towards Conques or Harpold and further denied that any remarks were made in the specific language that was attributed to him by Conques.[2] After this disputed exchange, Hughart refused to comply with orders from Conques and the Fire Chief to report to Conques' office. Upon Hughart's refusal to so report, Conques and the Fire Chief left the council chambers and summoned the police. However, by the time the police arrived, Hughart had left the building. The evidence further indicated that when Hughart left the Charleston City Hall, he exited by way of the Central Fire Station. The shift commander on duty at that time heard Hughart make the remark: "Hello, you big dummy." Hughart contended that the remark made was: "Hello, dummies," and was directed towards all firemen on duty at the time, not just the shift commander.

The remainder of the evidence presented concerned Hughart's absenteeism record. The City of Charleston produced evidence showing that Hughart had been absent from work for sickness more than any other fireman in the department. In addition, the City's evidence showed that Hughart had been suspended twice for being

---

[1] Prior to the time that Hughart entered City Council Chambers, the members of the Commission and the audience had been advised that the witness who was testifying was not well and could not speak in a full voice. During the course of the hearing, the witness did indeed speak softly and, at times, was barely audible.

[2] Hughart admits to telling Conques that the witness testifying made him "look like a fool." However, he denies using the words "damn fool" as alleged by Conques.

late for work.[3] In defense of these allegations, Hughart gave evidence indicating that he had been forced to take leave to have an operation for varicose veins, and that as a result of that operation he was absent from work for approximately six weeks. The records of the Charleston Fire Department revealed that Hughart provided a doctor's excuse for his absences whenever he was required to do so. In addition, the records indicated that while Hughart made maximum use of his sick leave privileges, there was no official citation concerning any abuse of those privileges.

On the basis of this evidence, the Firemen's Civil Service Commission found that the circumstances surrounding Hughart did not provide "just cause" for his dismissal. The Commission recognized that most of the trouble which Hughart encountered as a member of the fire department occurred while he was off-duty. The Commission also clearly recognized that off-duty conduct could be the basis for disciplinary action. However, in this particular case, the Commission found that although disorderly and impolite, Hughart's off-duty conduct at the public hearing did not warrant his dismissal. Nor did the Commission believe that the City had "just cause" for dismissing Hughart because of his numerous absences due to illness. No evidence was presented which would indicate that any of the absences were fraudulent. In addition, when members of the fire department checked on Hughart during his absences, he was always found at home. Finally, the Commission found that there was no "just cause" for Hughart's dismissal in view of the failure of the Charleston Fire Department to take any prior disciplinary action against Hughart in the form of reprimands or official comments in his personnel file. Therefore, the Commission ordered Hughart reinstated with appropriate back pay.

The City appealed the decision of the Commission to the circuit court which reversed the Commission and thereby

---

[3] The first suspension occurred on June 10, 1972, and consisted of one shift. The second suspension occurred on December 7, 1973, and consisted of two shifts.

sustained the dismissal. In rendering its opinion, the circuit court reasoned that the decision of the Firemen's Civil Service Commission was (1) contrary to the evidence; (2) not supported by the evidence; and, (3) plainly wrong. Therefore, the circuit court's reversal was based on evidentiary matters previously decided by the Commission. As such, we must decide what weight the circuit court should have given the findings of the Commission.

In the syllabus of *Billings v. Civil Service Commission*, 154 W.Va. 688, 178 S.E.2d 801 (1971), this Court stated that "[a] final order of the Civil Service Commission based upon a finding of fact will not be reversed by this Court upon appeal unless it is clearly wrong." We have held this same standard applicable to a circuit court's review of an administrative agency such as the Firemen's Civil Service Commission. "A final order of a ... civil service commission based upon a finding of fact will not be reversed by a circuit court upon appeal unless it is clearly wrong or is based upon a mistake of law." Syllabus Point 1, *Appeal of Prezkop*, 154 W.Va. 759, 179 S.E.2d 331 (1971).

In rendering its opinion, the Firemen's Civil Service Commission was guided by the standard of *W. Va. Code*, 8-15-25 which provides in pertinent part that:

"(a) No member of any paid fire department subject to the civil service provision of this article shall be removed, discharged, suspended or reduced in rank or pay except for just cause. ... If the member sought to be removed, discharged, suspended or reduced shall demand it, the commission shall grant him a public hearing, which hearing shall be held within a period of ten days from the filing of the charges in writing or the written answer thereto, whichever shall last occur. At such hearing the burden shall be upon the removing, discharging, suspending or reducing officer ... to show just cause for his action. ...

The Firemen's Civil Service Commission following the mandate of this provision, placed the burden on the discharging authority to support its dismissal of Hughart.

The Commission found that the letter of dismissal written by Mayor Hutchinson, on its face, alleged conduct which could amount to "just cause" for dismissal. The Commission further found, however, that the proof offered in support of the letter fell short of showing 'just cause." We have reviewed the evidence before the Firemen's Civil Service Commission and find that it was sufficient to support the action of the Commission. We cannot say that its findings were clearly wrong. Therefore, the circuit court improperly reversed the decision of the Commission on the basis of the evidence.

The judgment of the Circuit Court of Kanawha County is reversed and the petitioner, Robert G. Hughart, is reinstated to his former position in accordance with the decision of the Firemen's Civil Service Commission.

*Reversed.*